### FROST & JOHNSON *vs.* BEBOUT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS PRESIDING.

The *form* of a contract of sale, may be given to a different contract, as a mortgage, when the property is absolutely conveyed. Between the parties to the conveyance its real nature must be established by a counter letter; but those who are not parties to the contract, and have an interest in establishing its real nature, may do so by testimony.

The circumstance of a witness being the clerk to the plaintiffs, and brother of one of them, does not destroy or diminish his credibility.

When parties are in court, whose jurisdiction has attached, they may be required to litigate all their claims there, relating to the property in controversy, although they reside in another state.

This suit commenced by attachment. The plaintiffs allege that they are holders of three several promissory notes, drawn and subscribed by the defendant, Bebout, on which notes a balance remains due and unpaid of one thousand nine hundred and nineteen dollars and twenty-five cents, together with interest thereon, at the rate of ten per cent. per annum. They further state, that Bebout resides at Helena, in the state of Arkansas, but owns property within the jurisdiction of this court, which they pray may be attached and made liable to their demand, for which judgment is also prayed.

The sheriff made return that he had attached the defendant's interest in a lot of ground, with the buildings and improvements thereon, situated in the city or suburb La-fayette, and a lot of ground in New-Orleans, as the property of defendant. The plaintiffs filed an amended petition the 17th of January, 1837, alleging that the defendant, conjointly with his wife, by a private act of sale, sold and transferred the property attached, to one John M. Burress, of Arkansas, which sale, they allege, is simulated and fraudulent, and made with a view to defraud creditors; and pray that it be declared null and void: that Burress and the wife of defendant be made parties to this suit.

Burress appeared by attorney, after being allowed a delay of forty days to answer; pleaded a general denial, and specially denied that there was any fraud or simulation in the act of sale to him of the property attached.

Upon these pleadings and issues the cause was tried.

The act of sale is dated the 13th December, 1836, and was recorded in the office of the register of conveyances in New-Orleans, the 28th of the same month, and purports on its face to be an absolute sale from Bebout and wife to Burress, for the consideration of five thousand dollars.

Eastern Dist.
May, 1839.

Frost et al.
vs.
Bebout et al.

The plaintiffs proved their demand against Bebout; and produced testimony of witnesses to show that the act of sale was feigned, and only designed to cover the property.

. Frost, clerk to the plaintiffs, and brother to one of them, testified, that Burress told him he took the transfer of this property to secure the payment of some money Bebout owed him ; and that the property was more than sufficient to pay both of them.  He further proposed that the property be sold, and the money arising from the sale, over and above both claims, he would pay over to Bebout.  That he had given some notes which the plaintiffs agreed should not be used, until the business between them and Bebout was closed.

Upon this evidence the district judge decided that the conveyance to Burress could only be considered in the light of a mortgage on the lot of ground in New-Orleans.  Judgment was given for the plaintiffs against the defendant, Bebout, for the amount of their demand.  That the lot of ground, with the improvements, in suburb Lafayette, be sold to satisfy this judgment ; and if insufficient, that Burress have time to establish his claim ; and that the lot in New-Orleans be sold, subject to his mortgage, and the remainder, if any, applied to the balance of plaintiffs' demand.

From this judgment Burress appealed.

*Kennicott* and *Roselius*, for the appellant, insisted, that the court below erred, in deciding without proof of fraud and simulation, that the act of sale from Bebout and wife to Burress, should only be considered and treated as a mortgage for an indefinite sum, when the act is express that it was made for five thousand dollars.

2. The defendant, Bebout and wife, and this appellant, are residents of Arkansas, and were not bound to come into this court to litigate their claims, and that too, within a fixed time.

3. The plaintiffs have proved no fraud, collusion, or simulation in the act of sale to the appellant, and are not entitled to the revocatory action to annul said sale, and recover back the property.  They must show two things to effect this :

*First,* that the contract which they seek to avoid is made in fraud of their rights as creditors; and *secondly,* that their debtor is insolvent and unable to pay them. Neither of these are shown. *Louisiana Code,* 1973 *to* 1988. *Semple* vs. *Fletcher,* 3 *Martin, N. S.* 382.

4. The testimony of Frost, who was the clerk of the plaintiffs, and brother to one of them, is the sole witness, whose testimony is received to change this contract of sale into a mortgage. Either of these circumstances diminishes his credibility. *Louisiana Code,* 2261.

5. This witness's testimony consists of pretended admissions of the appellant. This is the most dangerous and weakest of all testimony, and should not be received to change the nature of a written contract.

*Shepard,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs claim the amount of three several promissory notes of the defendant, and obtained a writ of attachment, which was levied on property of the defendant, and three lots in suburb Lafayette.

By a supplemental petition, on an allegation that the defendant and his wife had made a fraudulent sale of the lots to Burress, Mrs. Bebout and Burress were made parties; and the petition concludes with a prayer that the sale be set aside.

The attorney appointed to represent the defendant and his wife, pleaded the general issue.

Burress denied all the allegations in both petitions, as far as they related to him, and claimed damages in reconvention for the slander of his title. The District Court gave judgment in favor of the plaintiffs, for the amount of the notes, and ordered that the property attached be sold, and the proceeds applied to the discharge of the judgment; and if it be not sufficient that the bill of sale from Bebout and wife to Burress be considered as a mortgage on the lots conveyed to him, and that three months be allowed him to

establish the amount of his claim; and that after the discharge of it by the sale of the lots aforesaid, the balance be applied to the plaintiffs' debt. From this judgment Burress appealed, and made the plaintiffs and the defendant and his wife appellees.

The plaintiffs' claim has been fully established. The appellant's counsel has urged, that the District Court erred, in concluding, without any evidence of collusion or fraud, that the sale to Burress was a mortgage for an indefinite sum, on the testimony of Frost, the brother of one, and clerk to both of the plaintiffs; and in compelling Burress, and Bebout and wife, to liquidate the claim of the former against the latter in one of the courts of this state, whilst they reside in that of Arkansas.

*The form of a contract of sale, may be given to a different contract, as a mortgage, when the property is absolutely conveyed. Between the parties to the conveyance, its real nature must be established by a counter letter; but those who are not parties to the contract, and have an interest in establishing its real nature, may do so by testimony.*

It does not appear to us that the court erred. The form of a contract of sale may be given to a different one; as that of mortgage, or when property is absolutely conveyed to a person, who is charged to sell it, or to cover it for the owner for a lawful purpose; as, when a vessel is transferred to a neutral person to prevent her being taken at sea during a war. Between the parties to the conveyance, in such cases, the real nature of the conveyance must be established by a counter letter; but those who are not parties to the contract, and who have an interest in establishing its real nature, may do so by testimony. Thus, a creditor may show the real character of the conveyance by which the property of his debtor is protected from his pursuit. The protection thus afforded to it, being in some degree a presumption of fraud, since it has the effect to defeat the creditor's right and a feigned contract is resorted to, to conceal a real one.

*The circumstance of a witness being the clerk to the plaintiffs, and brother of one of them, does not destroy or diminish his credibility.*

The district judge has given credit to the witness, notwithstanding the relation in which he stands to both plaintiffs. We are not able to say that he did not do so correctly.

*When parties are in court, whose jurisdiction has attached, they may be required to litigate all their claims there, relating to the property in controversy, although they reside in another state.*

Burress being before the District Court, and claiming property on which there was an adverse claim pending in that court, might well be required to exhibit evidence of his right; and the circumstance of time having been given him for that purpose, cannot give him any right to complain;

and Bebout having been brought into court by the attach-
ment of his property, was bound to contest in that court, a
claim raised there against this same property.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.