## MORRIS v. TERRENOIRE.

Fraud may in all cases be proved by parol. C. C. 1842.

APPEAL from the District Court of East Baton Rouge, *Boyle*, J. *Elam*, for the plaintiff. *Brunot*, for the appellant. The judgment of the court was pronounced by

ROST, J. The facts of this case are fully stated in the opinion of the late Supreme Court, rendered on a former appeal, and reported in 10 Robinson, 33. The Supreme Court reversed the judgment rendered on all the issues then presented, and gave the following reasons for remanding the case:

"A close examination of the evidence has left us under the impression, that nothing sustained the charge of fraud against the defendant. The person on whose description the notary and the plaintiff acted in the confection of the deed, does not appear to have been authorised to represent the defendant. Neither can we concur in the opinion of the judge, that there was error on the part of the plaintiff. This appears to us doubtful, and justice seems to demand that he should be afforded the opportunity of adducing further proof."

On the return of the mandate the plaintiff filed an amended petition alleging, that *Jacques Beauregard*, the person who gave to the notary the description of the property, was the son of the defendant and her accredited agent, and that he was authorised by her to designate the lots to be transferred; that, after the two lots in controversy had been examined by the plaintiff, the defendant was told, in presence of her son *Jacques*, that the two lots claimed had been pointed out to the plaintiff as belonging to her; that they had been accepted by him as a part of the consideration for the property in New Orleans; and that she expressed herself as being entirely satisfied with the acts of her son.

This petition prays that *Jacques Beauregard* be made a party to the suit, and condemned *in solido* with the defendant, to pay one thousand dollars as damages; and further, that such judgment should be rendered on the original petition as the nature and justice of the case may require, and for a trial by jury. The court refused to permit *Jacques Beauregard* to be made a party defendant, and *Constance* filed a general denial, and averred that *Jacques Beauregard* never did act as her agent for the purposes stated by the plaintiff.

In the course of the trial, the plaintiff offered parol evidence to establish the agency of *Jacques Beauregard*, and to show the nature of the contract between the plaintiff and the defendant. The defendant's counsel objected to the reception of the testimony, on the two following grounds: 1st. That this

suit is in the nature of a petitory action, in which the plaintiff seeks to compel the defendant to convey to him certain lots, and that no parol evidence could be received. 2d. That the evidence was not admissible even to prove damages, in the present action.

The plaintiff having desisted from his claim for the conveyance of the two lots, the court received the testimony for the purpose of sustaining the claim for damages. This evidence was properly admitted. The plaintiff charges fraud against the defendant, and fraud can always be proved by parol evidence. C. C. 1842.

The plaintiff introduced evidence in support of the allegations in the amended petition, and the jury found in his favor five hundred dollars damages.

The defendant moved for a new trial, and supported her motion by an affidavit of her counsel, that he was taken by surprise during the trial, by the abandonment of the claim for the lots by the plaintiff; that, if he had been apprised of that course, he would have advised the defendant to have been better prepared to establish the true value of the lots. The court overruled the motion, and the defendant has appealed from the judgment rendered against her.

The questions presented to the jury by this case were peculiarly within their province; and, after a careful perusal of the evidence, we are not prepared to say that they have not done justice between the parties. Whether they considered that there was fraud on the part of the defendant, or error on the part of the plaintiff, we have no means of ascertaining. Under the evidence adduced, either view justifies the verdict.

There is nothing in the objection that the defendant was taken by surprise. The prayer of the plaintiff was originally in the alternative, and the situation of the defendant was not made worse by the abandonment of one of the remedies prayed for.                                    *Judgment affirmed.*