## No. 116.—A. W. W. BROOKS *v.* JAMES WORTMAN.

In a petitory action, if the plaintiff establish a good and valid title to the land claimed, and the defendant holds under a title translative of property, but it is shown that the title of his vendor is defective and void, the plaintiff will recover the land, but the defendant, not being aware of the defects in his title at the time of purchase, can not be condemned to pay rents.

A party purchasing real property, in good faith, under what he believes to be a valid title, is entitled, on eviction, to recover the value of the improvements he has put upon it. But, after making h.s claim for a certain amount expended for improvements, and failing to amend his petition, in order to augment his demand, he must lose the overplus. C. P. 156.

The prescription of five years, urged by a possessor of lands in good faith, only covers the informalities which may have occurred in the execution of a decree or other sufficient mandate to sell real estate, but this prescription can not be urged by the possessor to cure manifest fundamental defects in the title of his vendor.

APPEAL from the District Court, parish of Caddo. *Levisee,* J. *Land & Taylor,* for plaintiff and appellee. *A. W. O. Hicks,* for defendant and appellant.

This case was tried by a jury in the court below.

HOWE, J. This is a petitory action, brought to recover certain lands in the city of Shreveport, and rents therefor from September 14, 1860.

The defendant answered by a general denial, but admitted that he was in possession of the property claimed. He alleged a good title in himself, and possession in good faith for over five years; pleaded the prescription of five years, and claimed, in reconvention, the sum of $2000, as the value of improvements placed by him on the lots.

The case was tried before a jury, who returned a verdict in favor of plaintiff for the property, and in favor of defendant on his reconventional demand. From the judgment rendered on this verdict, the defendant alone has appealed. In this court, by answer, the plaintiff asks for an amendment of the judgment, so as to decree him the rents claimed in his petition, but makes no other request. It will not be necessary for us, therefore, to pass upon plaintiff's bill of exceptions to certain evidence introduced to establish the reconventional demand.

The plaintiff, on the trial, showed title by act of sale from R. T. Brooks, passed April 15, 1852.

The defendant claimed under an act of sale from Jones and others, passed September 14, 1863; who, in turn, claimed under what is termed a tax sale, made August 31, 1860.

The tax sale, so called, was made by one *Battle*, describing himself as agent (though not proved to be so) of Jones and others, who appear to have been sureties of *Scogin*, a defaulting tax collector; and purported to convey the property in question as property of Brooks, the plaintiff.

It seems to be conceded that this sale by Battle, agent of the sureties, to Battle, the agent of the same sureties, is on its face a nullity— the plaintiff claiming it to be an absolute, the defendant, a relative nullity. It does not, however, seem necessary to decide as between these two views, for the case may be fully disposed of upon other points.

The defendant contends that the act of sale from Battle to Jones and others, of August 31, 1860, is one of those referred to in the clause of article 118 of the constitution of 1868, which provides that, "all deeds of sale made, or that may be made, by collectors of taxes, shall be received in courts in evidence as *prima facie* valid sales," and that, therefore, his defense was established, *prima facie*, by the production of the act in question, together with the deed from those vendees to himself, and possession for upwards of five years.

We can not assent to the proposition on which this argument is based. The act of sale by Battle was not a deed made by a collector of taxes. While, therefore, we desire to give full effect to the new provision quoted, we do not feel called upon to extend it beyond its obvious meaning and intent.

The plaintiff has fully established a title to the land; and the defendant has not established one in his vendors that is, even *prima facie*, valid. But, as he holds under a title translative of property, and regular in form, and we are not prepared to say that, when he bought, he was aware that his title was vicious and defective, we can not decide that he was a possessor in bad faith. C. C. 3414, 3415.

The plea of prescription of five years, set up by defendant, must be overruled. This prescription is intended merely to cure informalities in the execution of a decree or other sufficient mandate to sell, and can not be held to supply the manifest fundamental defects of the title of the defendant's vendors. 14 An. 597; 21 An. 585.

The defendant insists that the amount of his judgment in reconvention should be increased. It appears, however, that the jury gave him the entire sum he claimed in his petition to have expended for improvements, and for which he asked judgment. As plaintiff in reconvention, he would seem, therefore, to fall under the rule established by C. P. 156, that, if one demand less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus. The numerous decisions cited by defendant do not take his case out of the scope of this just rule.

Judgment affirmed.