See dissenting opinion of NICHOLLS, J., 48 South. 265.

BREAUX, C. J., concurs in dissenting opinion.

---

(48 South. 266.)

No. 17,229.

MASKREY v. JOHNSON et al.

(Jan. 4, 1909. Rehearing Denied Feb. 1, 1909.)

MORTGAGES (§ 32*)—DEED ABSOLUTE IN FORM —RESTORATION OF TITLE.

It is axiomatic in the law and jurisprudence of this state that where the owner of land, uninfluenced by fraud or error, vests the title thereto in another, such title can be devested, as simulated, only upon the production of a counter letter, or upon the basis of answers to interrogatories propounded to the apparent owner, and a fortiori does this rule apply in a case where the property has been sold to a third person, purchasing in good faith.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 32.*]

(Syllabus by the Court.)

Appeal from Third Judicial District Court, Parish of Claiborne; James Edward Moore, Judge.

Action by V. G. Maskrey against W. M. Johnson and others. Reversed, and judgment for defendants.

Enos Howard McClendon, for appellants. Richardson & Richardson, for appellee.

MONROE, J. This is a suit by a married woman, authorized by the court, for the recovery of a tract of land, in the parish of Claiborne, of which she avers the defendants, W. M. Johnson, B. A. Moody, and G. W. Maskrey, are attempting to defraud her. She alleges that she had several times borrowed money on the land, upon conveyances which, though not so expressed, were intended to operate as mortgages; that having borrowed in that way from H. C. Walker, and being pressed for payment, she induced Maskrey to advance the money for that purpose and take the title in his name; that Johnson knew that she was the real owner of the property, and conspired with Maskrey to defraud her of it by buying it in the name of Moody, who was an employé of his and had no money wherewith to make the purchase. She prays that the property be restored to her, or that it be restored on her paying to Johnson the sum of $1,030, which she admits is the amount paid by Maskrey to Walker.

The evidence shows that the property was apparently sold by plaintiff to Walker, with warranty of title, in 1902. On March 10, 1904, being then in Pennsylvania, plaintiff was married to Maskrey, but, for some reason not disclosed, she did not make the fact of the marriage known in the parish of Claiborne. To the contrary, on April 1st, she wrote to the clerk of the court, who appears to have attended to some of her business, saying:

"I send, enclosed, a letter to Mr. H. C. Walker, requesting him to have you make a deed from him to Mr. George W. Maskrey, of Sandy Lake, Pa. Please make out a bona fide deed to secure Mr. George W. Maskrey full possession of the 280 acres of land and the timber included growing thereon," etc.

This letter was signed, "Virginia G. Rawle" (Rawle being the name of a preceding husband), and the request contained in it was complied with; that is to say, on April 25, 1904, Walker conveyed the property to Maskrey, with full warranty of title, by deed executed before the clerk and duly recorded, and for the next two or three years it appeared upon the records as belonging to Maskrey and was assessed in his name. On March 30, 1907, he sold it, with full warranty of title, for $2,000 cash to Moody, and about a year later this suit was instituted. Defendants plead the exception of "no cause of action" and the general issue. Moody admits that he bought the land (save 40 acres) from Maskrey, and alleges that he purchased in good faith and for a sound price. The evidence fails to show that either Johnson or Moody knew that Maskrey was plaintiff's husband, or that either of them was actuated by any fraudulent purpose in buying the property from him. There is no doubt that Moody paid Maskrey $2,000 cash as the price, which amount was advanced by Johnson. If, therefore, the judgment in favor of plaintiff is affirmed, she will have the property, and her husband, who appears to live in Ohio, will still have the price. She alleges that she is separated from him, but there is no proof of it.

Pretermitting the questions, suggested by counsel for defendant, as to the character of the action, we are of opinion that plaintiff must go out of court, under a rule which is axiomatic in the law and jurisprudence of this state, to wit:

Where the owner of real estate, uninfluenced by fraud or error, vests the title thereto in another, such title can be devested, as simulated, only upon the production of a counter letter, or upon the basis of answers, elicited from the apparent owners, to interrogations on facts and articles. Delahoussaye's Heirs v. Davis' Wid. Heirs, 19 La. 409; Bauduc v. Conrey, 10 Rob. 466; Liautaud v. Baptiste, 3 Rob. 452; Tutorship of Hacket, 4 Rob. 295; Johnson v. Flanner et al., 42 La. Ann. 522, 7 South. 455; Godwin v. Neustadtl, 42 La. Ann. 735, 7 South. 744; Thompson v. Herring, 45 La. Ann. 994, 13 South. 398; Franklin v. Sewall, 110 La. 292, 34 South. 448; Wells v. Wells, 116 La. 1065, 41 South. 316. Applying this rule, we are of opinion that whatever might have been the rights of the plaintiff, as between her husband and herself, she cannot devest the title of the latter's vendee without producing such counter letter or answers.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the defendants, rejecting plaintiff's demands at her cost.