(69 South. 282)

No. 20989.

ROBINSON v. BRITTON.

In re ROBINSON.

(June 11, 1915. Rehearing Denied June 28, 1915.)

*(Syllabus by the Court.)*

EVIDENCE ⬅441—PAROL—CONTRACT TO CONVEY LAND.

In the absence of allegation of error, fraud, violence, or threats, in giving or obtaining consent to a sale of real estate by authentic act for a stated price in cash, which the act recites was paid and received, parol evidence is inadmissible, as between the parties, to annul the title so vested, and show that the real contract was an oral one, whereby the parties agreed to exchange tracts of land, and that, after plaintiff had conveyed his tract to defendant, defendant refused to comply with his part of said oral contract by conveying his tract to plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. ⬅441.]

O'Niell, J., dissenting.

Certiorari to Court of Appeal, Parish of Ouachita.

Action by Amos Robinson against Claude Britton. Judgment for defendant, and plaintiff applies for certiorari or writ of review. Affirmed.

A. A. Gunby, of Monroe, for plaintiff. Elder & McHenry and Hudson, Potts, Bernstein & Sholars, all of Monroe, for defendant.

MONROE, C. J. This is a suit to annul what purports to be a sale by authentic act, for $100 cash, of a tract of land, upon the ground that the real contract was one of exchange, whereby defendant was to convey to plaintiff a tract owned by him, as the consideration for the conveyance evidenced by the authentic act, but that defendant neither paid the money, as recited in the act, nor made the conveyance, as he had agreed. Thus plaintiff alleges:

. "That said Claude Britton did not pay him one cent for said land, that no part of the $100 was paid to petitioner, and said $100 was not the true consideration of said deed, and was not paid, and never intended to be paid; avers that said transaction was in reality intended to be, and agreed to be, an exchange, in the form of a sale, but avers that said Claude Britton fraudulently failed to carry out his part of the agreement, and sold said 40 acres of land to T. J. Lynch, and failed and refused to transfer same to petitioner, and made it impossible for him to comply," etc.

Defendant answered that the contract was not intended to be one of exchange, but that he acquired the property in question by purchase and paid the price, as stated in the deed, that he bought in good faith, that the consideration was adequate, and that he has been in possession since the date of the purchase.

Both the trial court and the Court of Appeal were of opinion that parol evidence was inadmissible to sustain the attack on defendant's title, and, though the trial judge admitted such evidence, in order to relieve the Court of Appeal of the necessity of remanding the case, in the event of its disagreeing with him, he gave judgment for defendant, and his judgment was affirmed. The Court of Appeal says in its opinion (among other things):

It is not contended that plaintiff signed the deed in error, or that his signature was obtained by fraud or force. "His sole complaint is that defendant fraudulently failed to carry out his part of the agreement. Plaintiff's own testimony shows that no fraud or artifice was practiced upon him in order to secure his signature to the deed."

And, after quoting articles 2236 and 2276 of the Civil Code, the opinion proceeds:

"These articles, and especially the latter, have been the subject of a vast number of decisions by our Supreme .Court, and some of them are quite difficult to reconcile with the plain provisions and obvious purposes of the Code. But no decision that we have been referred to, or that we have been able to find, has ever gone to the extent contended for by plaintiff's counsel; that is, permitting a party to an authentic act, in the absence of allegation and proof that his signature was obtained by error, fraud, or force, to deny a material statement in the instrument. If such testimony were permitted here, it is difficult to imagine a case to which the articles cited .could apply. In Godwin v. Neustadtl, 42 La. Ann. 735, 7 South. 744, the plaintiff sued to recover immovable property which she had conveyed to the defendant by authentic act of sale, on the ground that such sale was a simulation. The court said:

"'It is hornbook law, in our jurisprudence, that the verity and reality of authentic sales can be assailed by the parties thereto only in two ways, viz.: First, by means of a counter letter; second, by the answers of the other party to interrogations on facts and article.'

"And the court then cites a long list of authorities to support the doctrine announced. These cases, and that of Franklin v. Sewall, 110 La. 291, 34 South. 448, are, we think, conclusive against the contention of the plaintiffs."

To the authorities thus cited we may add Thompson v. Herring, 45 La. Ann. 994, 13 South. 398 (in which the language above quoted from the opinion in Godwin v. Neustadtl was reiterated), Le Bleu v. Savoie, 109 La. 682, 33 South. 729, and Maskrey v. Johnson, 122 La. 791, 48 South. 266. As stated by the Court of Appeal, the plaintiff now before the court does not allege that his consent to the contract which he attacks was given in error, or was obtained by fraud, violence, or threats. He admits that he knew what he was consenting to, and, according to the authentic act signed by him, the contents of which he also knew, he consented to sell his lots for $100, the receipt of which he acknowledged. He now proposes to show, by parol testimony, that he entered into no such contract as that expressed in the authentic act, and that the real contract was an oral one, in which he agreed to convey his lot to defendant in consideration of defend-

137 La.—28

ant's agreement to convey his (defendant's) lot to him .(plaintiff); and the complaint that he makes is that, after he had vested the title to his lot in plaintiff, by means of an authentic act showing a sale for a price paid in cash, defendant "fraudulently" refused to comply with his part of said oral contract, and hence that he (plaintiff) should be permitted to destroy the authentic title so vested.

If, however, the particular title here in question were open to such attack, all other titles to real estate would be similarly open, and no seller or purchaser of such property could feel assured that he will not, some day, be called into court to find an oral contract, of which he never before heard, substituted for the solemn, written, authentic contract upon which he has relied.

Counsel for plaintiff cites article 1900 of the Civil Code as sustaining his position, but that article is the last of eight, under the title "Of Conventional Obligations," and the subtitle "Of the Cause and Consideration of Contracts," of which articles 1893, 1896, and 1897 (which are all that need be quoted) read:

"Art. 1893. An obligation without a cause, or with a false or unlawful cause, can have no effect.

\*       \*       \*       \*       \*       \*       \*       \*

"Art. 1896. By the cause of the contract, in this section, is meant the consideration or motive for making it; and a contract is said to be without a cause, whenever the party was in error, in supposing that which was his inducement for contracting to exist, when in fact it had never existed, or had ceased to exist before the contract was made.

\*       \*       \*       \*       \*       \*       \*       \*

"Art. 1900. If the cause expressed in the consideration [should be, in the contract] should be one that does not exist, yet the contract cannot be invalidated, if the party can show \* \* \* a true and sufficient consideration."

Under the same general title, however, and the respective subtitles "Of the Literal Proof," § 1, "Of Authentic Acts," and "Of Testimonial Proof," we find articles 2236, 2237, 2238, 2239, 2275, and 2276, which read:

"Art. 2236. The authentic act is full proof of the agreement contained in it, against the con-

tracting parties and their heirs or assigns, unless it be declared and proved a forgery.

"Art. 2237. The acknowledgment of payment, made in an authentic act, cannot be contested, under pretense of the exception of non numerata pecunia, which is hereby abolished.

"Art. 2238. An act, whether authentic or under private signature, is proof between the parties, even of what is there expressed only in enunciative terms, provided the enunciation have a direct reference to the disposition. Enunciations foreign to the disposition can serve only as a commencement of proof.

"Art. 2239. Counter letters can have no effect against creditors, or bona fide purchasers; they are valid as to all others.

  *   *   *   *   *   *   *   *

"Art. 2275. Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the [immovable] property thus sold.

"Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before or at the time of making them, or since."

It is obvious, from a comparison of the articles thus quoted, that articles 1893, 1896, and 1900 have no application to the case of a contract for the sale of real estate, whether by authentic act or under private signature, in which a valid, definite, existing, consideration given and received is clearly expressed save that in such case the real contract, if there be one, other than that expressed in the act, may be developed by a counter letter or by interrogatories, to be propounded by one of the parties to the other and answered under oath. Such a contract cannot, however, upon mere oral testimony, unless plain English words have lost their meaning, be set aside, and another different and oral contract substituted in its place.

In the case of Jackson v. Miller et al., 32 La. Ann. 432, to which plaintiff's counsel refers, it appears that the plaintiff sued R. P.

Miller and G. L. Walton for a considerable sum of money, and to annul a sale of real estate made by them to John Miller (whose daughter and heir, Georgia Miller, was made a party defendant) with a view to the subjection of the property to the payment of his debt, alleging that the sale was simulated, fraudulent and void, as against third persons, for want of a legal price and consideration.

The defendant offered, and was permitted, to prove by parol evidence the real consideration of the transfer, which was the delivery and cancellation of the unpaid mortgage notes which John Miller held, as representing the purchase price of the property when sold by him to the parties who became his vendors, in the sale which plaintiff attacked.

The case was therefore one between the parties to an act of sale, on the one hand, and a third person, attacking it for fraud and resulting prejudice to his rights, on the other, and it does not fall within the meaning of the law which makes an authentic act full proof as against the contracting parties litigating inter sese, and has no application to the case now under consideration.

The cases of Falcon v. Boucherville, 1 Rob. 337, Brown v. Brown, 30 La. Ann. 966, Dickson v. Ford, 38 La. Ann. 737, Landry v. Landry, 40 La. Ann. 230, 3 South. 728, and Sere v. Darby, 118 La. 619, 43 South. 255, are shown, in the opinion of the Court of Appeal, to be equally without application.

It is therefore adjudged that the judgment, here made the subject of review, be affirmed, and that the demands of the applicant be rejected, and this application dismissed, at his cost.

See dissenting opinion of O'NIELL, J., 69 South. 284.