**(100 South. 412)**

**No. 25603.**

**Succession of CURTIS.**

(April 7, 1924. Rehearing Denied by Division B May 14, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Pleading ⬤⟶228—When peremptory exception founded on law may be sustained as to part of demand stated.**

A peremptory exception founded on law may be filed at any time during the progress of the case, either before or after issue joined, and if well taken as to part of the demand it may be sustained to that extent in advance of the trial on the merits or even during the trial.

2. **Evidence ⬤⟶429—Oral testimony inadmissible to show that authenticated transfer was simulation.**

Where property was sold by plaintiff to his mother by duly authenticated act, plaintiff cannot show as against his coheirs of his mother that such transfer was a simulation by oral testimony in view of Civ. Code, art. 2236.

3. **Vendor and purchaser ⬤⟶157—Sales; disposal of immovables by public act deemed accompanied by delivery.**

Delivery of immovables, where disposed of by public act, is considered as accompanying the act, whether a sale or a dation en paiement.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Action by Joseph Curtis against Louis Adolphe Curtis and another, for partition of the property of the succession of Harriet M. Curtis, deceased. From a judgment dismissing part of plaintiff's demand, he appeals. Affirmed.

W. O. Hart and W. H. Pascoe, both of New Orleans, for appellant.

Geo. Montgomery, of New Orleans, for appellee McCullough.

Charles G. Gill, C. C. Friedrichs, and Fernand F. Teissier, all of New Orleans, for defendants.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. This is an action brought by Joseph Curtis against his nephew, Louis Adolphe Curtis, and his niece, Mrs. Emma Curtis Bechtel, for a partition of the property belonging to the succession of Mrs. Harriet M. Curtis, deceased, the mother of plaintiff and grandmother of the two defendants.

The plaintiff included in his action for partition a demand to have certain real estate, which was included in the inventory and claimed to belong to the succession of his mother, decreed to belong to him individually.

It appears that this property was sold by the plaintiff to his mother on June 27, 1914, by an act duly authenticated; the consideration, as recited in the act, being a debt due his mother and secured by mortgage. The plaintiff alleges that the transfer was a simulation; that no price was paid him by his mother for said property; and that there was no intention on his part to sell nor on the part of his mother to purchase the said property, but that the deed was placed in her name for convenience. It is alleged further that his mother never took possession of said property; that she never collected any of the rents and revenues; that she paid no taxes and never paid for any repairs on the said property, and kept up no insurance, nor paid any water bills; that she always acknowledged that said property belonged to petitioner.

After answering the petition, the defendants filed an exception of no cause of action and a plea of estoppel against that part of plaintiff's demand which sought to set aside the sale made by him to his mother. Both pleas were sustained by the court, and plaintiff's demand to the extent stated was dismissed, and a definitive judgment to that effect was signed, and the plaintiff appeals therefrom.

The plaintiff's counsel complains at the action of the court in passing on the excep-

tion of no cause of action and the plea of estoppel after the answer was filed and independent of the trial on the merits, which forced the plaintiff to take an appeal from that judgment, leaving the balance of the case undetermined.

The counsel have cited us to no authority and we know of none to support their contention, and we can discover no sufficient reason, if the exception should be found to be well taken, for sending the case back merely to have the court to hold the ruling on the exception in abeyance until the decision of the case on the merits. The exception was only directed at that part of plaintiff's petition which sought to have the sale declared to be a simulation, a demand wholly independent of the action in partition.

[1] The rule is that a peremptory exception founded on law may be filed at any time during the progress of the case, either before or after issue joined, and if well taken as to part of the demand it may be sustained to that extent in advance of the trial on the merits or even during the trial.

It may be the better practice to delay the signing of the judgment, or not to sign any judgment, where an exception of no cause of action is sustained which does not dispose of the whole case, until final judgment on the merits. This would avoid splitting up the case and a multiplicity of appeals. The trial judge states that the whole case was called for trial and the court was ready to try the same, but after ruling on the exceptions the plaintiff's counsel asked for a continuance of the trial on the merits and which he granted over the protest of the counsel for the defendant.

We find no reversible error in the action of the trial judge. The instrument attacked is valid in form and translative of the absolute ownership of the property. It was acknowledged by the vendor before a notary and two witnesses. It recites a legal consideration duly paid and advanced by the vendee to the vendor and full acquittance granted by the vendor. It is not pretended that there was a counter letter or any other written evidence evidencing a contrary agreement from what the act purported to be on its face and from its recitals. The deed remained upon the public records, its verity unchallenged, for some five years before the death of Mrs. Curtis, the vendee.

[2] The sole question presented, therefore, is whether the plaintiff after the death of his mother, as against his coheirs can be permitted by oral testimony to prove that the sale was a simulation and not what it purports to be on its face. There can be but one answer. The Civil Code and the uniform jurisprudence of this state is to the effect that no other evidence is admissible to establish simulation of a sale of immovable property, between the parties to the act, than a counter letter or evidence in writing equivalent to a counter letter. Article 2236, Civil Code, declares that the authentic act is full proof of the agreement contained in it against the contracting parties and their heirs and assigns.

In Cary v. Richardson, 35 La. Ann. 509, the plaintiff offered oral testimony to show that the instruments signed by him, from which it appeared unambiguously that the partnership was dissolved by consent and that he sold his rights in the concern to the defendant, were simulated and inoperative, but the court ruled that such testimony was not admissible.

"The rule is consecrated by law and jurisprudence that, as between the parties to a written act, the only admissible evidence to prove simulation is a counter letter, which is proof of equal dignity * * *

"The unbending jurisprudence of this court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence"—citing: Lesseps v. Wicks, 12 La. Ann. 740; Lynch v. Burr, 7 Rob. 96; Knox v. Liddell, 5 Rob. 111; Macarty v. New Orleans Theater Co., 2 La. Ann. 48; D'Aquin v.

Barbour, 4 La. Ann. 441; Angomar v. Wilson, 12 La. Ann. 857; Letchford v. Dannequin, 16 La. Ann. 150.

In Mrs. Godwin v. Neustadtl, 42 La. Ann. 735, 7 South. 744, the plaintiff sued to recover title to immovable property which had been conveyed by her by an authentic act of sale to defendant, on the ground that said sale was a simulation, executed for the purpose of protecting the property from seizure under a judgment which might be rendered against her in a suit then pending. An exception of no cause of action was sustained, and the judgment was affirmed on appeal. In the opinion the court said:

"It is hornbook law in our jurisprudence that the verity and reality of authentic sales can be assailed by the parties thereto only in two ways, viz.: first, by means of a counter letter; second, by the answers of the other party to interrogatories on facts and articles."

See, also, Robinson v. Britton, 137 La. 863, 69 South. 282.

But counsel for plaintiff argues that in this case, it is alleged that Mrs. Curtis had never taken possession of the property and it was competent for plaintiff to prove that allegation by parole testimony. In answer, it is sufficient to say that retention of possession by a vendor is only a badge of simulation as respects third persons and may be shown by parole testimony by such third persons, but as between the contracting parties retention of possession by the vendor cannot be established by parole testimony as a badge of simulation in the absence of the production of a counter letter or equivalent written evidence. In Hebert v. Lege, 29 La. Ann. 512, it was said that:

"As between parties and their heirs (other than forced heirs of the vendor) the only admissible evidence of the simulation of a formal written contract is a counter letter. The retention of possession by the vendor, * * * is a badge of simulation so far as 'respects third persons,' and as against such third persons 'the parties must produce proof that they were acting in good faith, and establish the reality of the sale.' [Underscoring ours.]

"But we repeat that as between the parties themselves and their legal representatives the act makes full proof, and its reality cannot be disputed by parole."

[3] The further contention is made that the act of transfer by the plaintiff never became effective, since it shows on its face that it was a giving in payment, and actual delivery is necessary to perfect such a transaction.

"The delivery of immovables, where they are disposed of by public act, is always considered as accompanying the act, whether that act be a sale, or a dation en paiement." Brown v. Brown, 30 La. Ann. 966.

The contention of counsel seems to have some support in the case of Shultz v. Morgan et al., 27 La. Ann. 618, but the court in Brown v. Brown, supra, in commenting on the Shultz Case, said that Mr. Justice Taliaferro, the organ of the court, interpolated the word "actual" which is not found in the text of article 2656, and said:

"It may be added that it is not very apparent whether the acts in question in the case in 27 A. above referred to were public or sous seign privee. But so far as the dictum of that case is applicable to public acts transferring immovables, whether they be sales or dations en paiement, we cannot give it our assent."

For the reasons assigned the judgment appealed from is affirmed at appellant's cost.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.