REDMANN, Chief Judge.
Plaintiff appeals from the partial dismissal of her petition on exception of no cause of action, insofar as it attempted to state a cause of action under Louisiana’s unfair trade practices and consumer protection law, La.R.S. 51:1401 ff
We need not decide whether the exception of no cause of action, La.C.C.P. 927(4), is available against one cause of action in a petition that attempts to assert two clearly separated ones. (See Succession of Curtis, 156 La. 243, 100 So. 412 (1924), and Reeves v. Barbe, 200 La. 1073, 9 So.2d 426 (1942), both decided before adoption of the 1960 Code of Civil Procedure.) Insofar as the present petition claims (in addition to workers’ compensation) entitlement to relief because of the employer’s alleged firing of plaintiff for demanding workers’ compensation, it at least states a cause of action under R.S. 23:1361, whether or not it states a cause of action under R.S. 51:1401. Reference to any statute in a petition is mere surplusage because Louisiana is a fact-pleading state, C.C.P. 891. C.C.P. 862, says its Comment (b), “suppresses the harsh and unduly technical ‘theory of the case’ doctrine in Louisiana .... ”
Reversed.
WILLIAMS, J., concurring.