DE ARMAS
*vs.*
GRAY ET AL.

But where the husband and wife are sued jointly, and she is separated in property, the husband has no right to appear and file an answer for the wife, as attorney, *without her consent*.

---

DE ARMAS *vs.* GRAY ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

An allegation, that the defendant sold to the plaintiff a house, with warranty, and that *a part of it had fallen in ruins*, on account of the badness of its construction, sets forth a *a cause of action*, sufficient to authorize a recovery.

EASTERN DIST.
*February*, 1837.

DE ARMAS
*vs.*
GRAY ET AL.

Where there is a defect in the wall of a house, which is not declared, and is not apparent, the vendee will be entitled to a diminution of the price, proportionate to the injury sustained, if soon after the sale the wall falls in ruins.

The vendors of a house, cannot invoke prescription against an action which demands of them a diminution in price, on account of the defectiveness of the wall, when the vice was known to them, but which they failed to disclose to their vendee.

The correct standard by which to ascertain the diminution of *price* is, the *costs of repair*.

Damages for a frivolous appeal, will not be allowed, when from the circumstances of the case, it cannot be supposed the sole object in appealing, was delay.

This is an action for the diminution of *price* in the purchase of a house, on account of the defectiveness of its walls. The plaintiff alleges, that on the 7th of September, 1835, he purchased a brick house and lot, in the city of New-Orleans, from the defendants, Gray, Durrive & Co., with full warranty; and that since the said sale to him, part of the walls of the house has fallen in ruins, on account of the badness of the construction, by which he has sustained a diminution in the value thereof, to the amount of three thousand six hundred dollars, the sum, it is estimated, will be required to repair it; and for which he prays judgment.

The defendants pleaded a general denial, and further averred, that any falling of the walls of said house was occasioned through accident, or by a fortuitous event, for which they are not liable. They pray that the plaintiff's demand be rejected. They further aver, that they purchased said house and lot of Haines & Geddes, in 1834, who are responsible to them, and whom they cite in warranty; and pray, that if judgment be rendered against them, that they have judgment over against their warrantors.

The warrantors denied that they were responsible, the sale having been made in good faith and without warranty against casualties which might accrue, to impair the value

of the property. They further deny, that the plaintiff has <span style="float:right">EASTERN DIST.</span> exhibited any cause of action, or that they are responsible *February*, 1837. in any manner. They plead prescription to the plaintiff's demand.

Upon these pleadings and issues, the parties went to trial. Some parole evidence was produced, which is recapitulated in the following judgment, rendered by the parish judge.

" The court, after carefully weighing the evidence and the arguments of counsel, considering :

1st. That it is in evidence, that the defect which has been the cause of the falling down of the wall of the house sold by the defendants, Gray, Durrive & Co., to plaintiff, existed at the time of the sale, and in fact, that it was a vice in the construction of said wall.

2d. That the vice was not an apparent one, but, on the contrary, is proven to have been concealed by means of planks laid against the wall.

3d. That the vice appears to have existed to the knowledge of the defendants, Gray, Durrive & Co., who did not declare it to the plaintiff in their bill of sale.

4th. That the action for a diminution of price, lies in a case like the present, inasmuch as the vice complained of was one inherent in the thing sold, and not a casual or transient evil or inconvenience, and therefore comes well within the purview of the 2519th article of the Louisiana Code.

5th. That the grounds just stated, as establishing the liability of the original defendants, Gray, Durrive & Co., to plaintiff, likewise exist according to the evidence, to render the defendants in warranty, Haines & Geddes, liable to said original defendants, Gray, Durrive & Co.

6th. That the plea of prescription set up by Haines & Geddes cannot avail them, inasmuch as it is in evidence, that they knew of the vice of the wall, and did not declare it. *Louisiana Code*, 2524.

7th. That it is admitted by all parties, that the walls. and other works, which have been rendered necessary, in order to remedy the accident occasioned by the defect,

73

in the construction of the house, cost three thousand six hundred dollars."

Judgment for this sum was rendered in favor of the plaintiff against the defendants, and in favor of the latter against the warrantors. The defendants and warrantors appealed.

*Pichot*, for the plaintiff.

*Hoa*, for the defendants.

*Worthington*, for the warrantors, opposed a recovery:

1. Because there is no cause of action laid in the petition, to entitle the plaintiffs to recover.

2. Because the testimony shows that there was no such redhibitory defect in the thing sold, as will entitle the plaintiff to judgment.

3. Prescription applies, when all parties are equally informed of the condition of the object of sale.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff claims of the original defendants, as his vendors and warrantors, a diminution of price of a house purchased from them, on account of a latent defect in one of the walls, in consequence of which it is alledged the house fell. The original defendants cited in as warrantors, their vendors, Haines & Geddes, and all the parties are before this court, by an appeal from a judgment, condemning Gray, Durrive & Co. to pay the costs of repair, and Haines & Geddes to re-imburse to them that amount, with the costs of suit.

An allegation, that the defendant sold to the plaintiff a house, with warranty, and that *a part of it had fallen in ruins*, on account of the badness of its construction, sets

The counsel of Haines and Geddes contends, that the court below erred: 1st, because there is no cause of action laid in the petition, to entitle the plaintiff to recover, 2d, because the testimony shows that there was no such redhibitory defect in the thing sold, as will entitle the plaintiff to judgment: 3d, prescription applies, when all parties were equally informed of the condition of the object of sale.

DE ARMAS
vs.
GRAY ET AL.

I. The petition alleges, that the defendants sold the house with full warranty, and that a part of it had fallen in ruins, on account of the badness of its construction. Taking these allegations as true, it appears to us a cause of action is set forth, and that the plaintiff would be entitled to recover, unless it should appear either that the defect of the wall had been declared at the time, or that it was apparent.

II. The evidence satisfies us, as it did the court of the first instance, that there was a defect in the wall, which entitles the plaintiff at least to a diminution of price. That defect was not declared at the time of sale, and in the absence of all proof of any fortuitous event or extraordinary cause, we think the court was warranted in conclusion that the house fell in consequence of that defect. The defect is shown not to have been apparent, but was concealed by planks, and the insufficiency of the foundation was not obvious.

III. The plea of prescription cannot avail the warrantors. Haines & Geddes, it is shown, were informed of the probable insufficiency of the wall, which was an old one, to sustain the new building which was erected upon it. The architect communicated to them his opinion to that effect, but they persisted in their plan, and when selling, they failed to disclose the defect. *Louisiana Code*, 2512.

The court below adopted, in our opinion, a correct standard in diminishing the price, to wit: the costs of repair.

Gray, Durrive & Co., in their answer, claim damages against the appellants for a frivolous appeal; although, we think they have no just cause of complaint, and are satisfied with the judgment, yet the case is novel, and their counsel has presented their views of their legal rights, with so much ingenuity and plausibility, that we cannot suppose their sole object in prosecuting the appeal was delay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Marginal notes:*

forth a cause of action, sufficient to authorize a recovery.

Where there is a defect in the wall of a house, which is not declared, and is not apparent, the vendee will be entitled to a diminution of the price, proportionate to the injury sustained, if soon after the sale the walls fall in ruins

The vendors of a house cannot invoke prescription against an action, which demands of them a diminution in price, on account of the defectiveness of the wall, when the vice was known to them, but which they failed to disclose to their vendee.

The correct standard by which to ascertain the diminution of *price*, is the *costs of repair*.

Damages for a frivolous appeal will not be allowed, when, from the circumstances of the case, it cannot be supposed the sole object in appealing, was delay.