Statement of the Case.
NICHOLLS, J.
In re A. A. Peterson et al., applying for 'certiorari or writ of review to the Court of Appeal, Third Circuit.
in a petition filed in the district court, Mathew Schmitz alleged that on the 23d of October, 1901, he entered into a contract with A. A. Peterson and F. C. Van Ness whereby they promised and agreed to sell him certain property which he described — 120 acres of *135 land, more or less; that before the said agreement was consummated by the aforesaid parties, during the negotiations leading up to it, and in furtherance of said contract, one J. S. Lewis, of Jennings, La., and at that time engaged in the real estate business in said town, and the duly authorized agent of said Peterson and Van Ness, did go with petitioner to the aforesaid land, and did definitely locate, designate, and point out said land as bein^ the identical land about which petitioner and the said Peterson and Van Ness were at the time, through their agent, the said Lewis, negotiating, and on that occasion and at other times, under instructions from his principals, the said Peterson and Van Ness, the said Lewis did declare to petitioner that he was the agent of the said Peterson and Van Ness, and that they had instructed him -to point out the particular land as described aforesaid. Petitioner further averred that, at the time said Lewis designated and pointed out said land, he did further declare and represent to petitioner that the land above described was the identical land which was intended by his princiXjals to be the “object” of the said contract, and petitioner especially averred that such representation by said parties, and through their agent, Lewis, was the motive, the cause, and the inducement for the petitioner to enter into the said contract; that, had said Peterson and Van Ness, through their agent, Lewis, not pointed out said particular land as being the land which petitioner was about to contract to xiurchase from defendants, petitioner would not have entered into said agreement; that, acting under the belief that he was completing the aforesaid contract for the sale to him eventually of the aforesaid land as particularly described above, he signed, together with the said Peterson and Van Ness, an instrument of writing which the said Peterson and Van Ness themselves, and through their agent, the said Lewis, declared and represented to petitioner to be a recital of the aforesaid identical contract, and the evidence thereof; that, since signing same, he was informed and verily believed that the land described in said instrument of writing was not the land petitioner intended to contract for, or which he intended to be the object of said contract, but that said ■land was a separate and distinct tract, and, furthermore, that said land, as set forth in said instrument of writing, was very inferior, and was practically worthless. The said instrument of writing is annexed hereto and made a part hereof. Petitioner specifically averred that, when he signed said instrument of writing, he intended to contract for the sale to him of the land as aforesaid, and not the S. % of the N. E. % and the N. W. % of S. E. % of section 33, town 10 S., range 3 W., Louisiana Meridian, etc., as appeared in the aforesaid instrument of writing; that, actuated by and relying upon the representations of the defendants as aforesaid, he signed the said instrument, through error, and same does not represent the agreement intended by him; that, as a consideration for the contract he intended to make as aforesaid, he paid unto the said Peterson and Van Ness the sum of $1,669 cash, and that there is manifest error, to his prejudice, as to the' object, subject-matter, and material element of the purported contract, as was represented by the aforesaid written instrument, petitioner’s consent thereto not having been obtained; that said written instrument represented no contract, as it did not represent the will or consent, bona fide, of petitioner, and, if said instrument was allowed to subsist, it would work irreparable injury to petitioner; that petitioner was entitled to have said instrument of writing, and all of its effects, canceled, set aside, and annulled, and to be reimbursed the amount paid to defendants as aforesaid, with interest from May 23, 1901, the date of xiayment, to the present.
Petitioner averred that on March 21, 1902, he made demand in writing upon the said A. *137 A. Peterson and F. C. Van Ness calling upon them to comply in good faith with the agreement that they entered into with petitioner on May 23, 1901, referred to herein, or to reimburse petitioner the amount paid them as aforesaid, and which was the basis of this action, and demand having been served upon them on the 21st day of March, 1002, as aforesaid.
In view of the premises, he prayed that defendants be duly cited, and that there be judgment against defendants, canceling, setting aside, and annulling the aforesaid instrument of writing, and the effects thereof —that is, the invalid contract it purports to represent and evidence — and that defendants be condemned to reimburse petitioner in the sum of $1,669 erroneously paid to defendants by petitioner as aforesaid, with damages and interest from May 23, 1001, to date of judgment, and for costs.
The defendants, under reservation of an exception of no cause of action filed by them, answered. They first pleaded the general issue. They then admitted that they sold to petitioner the land described in the contract mentioned in the petition, but denied that they practiced deception or fraud, and that there was any error in the principal cause or object of the contract. They specially alleged that, if J. S. Lewis made any false representations to plaintiff, which was denied, they were unauthorized by defendants, and they were not bound thereby.
They averred that, at the time of the salé sought to be rescinded, lands in the region of the land in contest were at a high speculative price, on account of the discovery of oil, and that plaintiff purchased for speculative purposes, and received full value for his consideration; that, less than one month before the date of the sale sought to be rescinded, they bought the same land from one O. A. McCoy, of said parish and state; that the said sale was negotiated for the said McCoy by the said Lewis, who took defendants to the land claimed to be offered for sale, and that said McCoy ratified the sale so negotiated, and signed the deed of conveyance therefor; that, if any error of description or identification of the land was made in the sale from defendants to plaintiff, it resulted from the laches of plaintiff, and the same error occurred in the sale from said McCoy to defendants; that defendants never saw the land, except when the said Lewis claimed to have shown it to them; that they paid the said McCoy $1,400 for the said land, which the said Lewis warranted to be the land described in the deed of conveyance and exhibited to defendants when being solicited to purchase; and that the said McCoy was liable to defendants on his said warranty in case they should suffer loss by reason of their said purchase.
In view of the premises, they prayed that the said McCoy be cited and served herewith as warrantor; that the demand of the plaintiff be dismissed, with costs; and, in the alternative, they prayed that, in case there be judgment against them, then that they have judgment over against the said McCoy in the sum of $1,400, together with all costs of this suit. And they prayed for costs and for full and general and equitable relief.
C. A. McCoy, called in warranty, excepted that there was no cause of action against him as warrantor.
This exception was sustained. Plaintiff filed a supplemental petition, in which he averred that, while he did not in any manner recede from his original petition previously filed, he recognized the fact that the court might consider C. A. McCoy, a resident of the parish of Calcasieu, an interested party in this suit — said McCoy having been a party with defendants herein to the original contract, after which was executed the contract between defendants the said A. A. Peterson and F. C. Van Ness and petitioner, which last-named contract was the basis of this suit — and, without conceding *139 that said McCoy was at present a party in interest herein, but in order that all parties to the original ^contract might he made parties, so that all questions that might appertain to the contract which was the subject-matter of this suit, and that the rights of all parties affected thereby, might be finally determined, petitioner filed this amended petition for the purpose of making said McCoy a party to this suit.
In view of the premises, petitioner prayed that the said C. A. McCoy be made a party to this suit, that he be duly cited to appear and to answer to this supplemental and amended petition, and for such further orders as might be necessary in the premises, and for all general and equitable relief.
McCoy answered. He denied any knowledge whatever as to any representations made by defendants Peterson and Van Ness to plaintiff, or that his legal right was in any way affected by such representations. He alleged that the only connection he had with the transaction was evidenced by written assignment, under date of May 23, 1901, of a certain contract which appearer entered into with the defendants Peterson and Van Ness on the 11th day of April, A. D. 1901, all of which was evidenced by said assignment, and appearer alleged that he was ready and willing now, and had been at all times since said 23d day of May, 1901, to execute a deed to said property to plaintiff upon his paying or causing to be paid two notes described in said contract — one for the sum of $642.70, and the other for $600.70— neither of which had been paid.
That he was not responsible in any manner under said contract and assignment, except to the execution of a deed conveying a perfect title to said premises, as stipulated in said contract, which title was herewith tendered, and denied that he was in any way responsible for any representation, false or otherwise, made to plaintiff by his codefendants or any one else.
In view of the premises, appearer prayed that plaintiff’s demand be rejected at his cost, and for all necessary orders and decrees and general relief.
The defendants, with leave of court, filed a supplemental and amended petition, in which, adopting the allegations of their original answer, except as modified by their supplemental answer, they averred that the allegation in the original answer that they purchased certain lands from O. A. McCoy, and sold the same to petitioner, was inaccurate; the fact being that they entered into a contract with McCoy for said purchase, and subsequently transferred all their interest in said contract to plaintiff; said contract being the same referred to in the answer filed by McCoy.
That all parties to said contract consented to said transfer, and that petitioner thereby entered into a contract with McCoy, in the place and stead of appearers, constituting a novation, which they now specially pleaded. They further showed that, in case any judgment was rendered against them in favor of petitioner, they were entitled to a judgment against said McCoy in like terms.
In view of the premises, they prayed that this amended and supplemental answer be allowed, and that the demand of petitioner be dismissed, as against them, with costs, and, in the alternative, in case any judgment was rendered against them, they prayed that they recover a like judgment against said McCoy.
Plaintiff, suggesting that the supplemental answer was filed too late, the case having been set for trial at that date, and said answer being filed at the moment the case was called for trial, and plaintiff not having had time to answer same, and being taken by surprise by said delayed amended answer, prayed that it be not allowed, but ordered to be withdrawn.
This application was overruled, with right given to plaintiff to apply for delay, of which *141 right he did not avail himself. The district court rendered judgment “dissolving, annulling, rescinding, and setting aside” the contract of the 23d of May, 1901, between the defendants Peterson and Van Ness and the plaintiff, and rendering judgment in favor of plaintiff against said defendants for the sum of $1,608.60, with< legal interest from May 23, 1902; being the amount which the judgment declared to have been erroneously paid to said defendants as the consideration for said contract. Judgment was also rendered in favor of G. A. McCoy and against said defendants, rejecting their demand against him.
Defendants appealed.
Opinion.
The defendants urge that, an agency to buy or sell land not being provable by parol, the court erred in permitting such testimony to be admitted to establish that Lewis was their agent. The agency was shown by the testimony of the defendants themselves, as well as by the testimony of others. Defendants themselves signed the contract which Lewis claimed to have acted as their agent in negotiating. Before entering into the contract with defendants with regard to the lands, plaintiff was taken by Lewis, claiming to act on behalf of the defendants, to a certain tract of land, which he pointed out as being that which was to be the object of the contemplated contract. The land ■ so pointed out was not, in fact, that which was afterwards described and conveyed in the contract. The land described in the contract is shown by the testimony to be much less valuable than that which had been pointed out. In fact, it is declared to be worth comparatively little. Schmitz, as a witness, testified that he understood when he bought that he was buying the land which had been pointed out to him; that, had Lewis, in point of fact, pointed out to him the land which was described in the act of sale, he would not have bought it; that he would not take it as a gift — he would not take it for the taxes. It is really conceded that the land described in the contract was not the land which Lewis had pointed out. Defendants say that they are not responsible for the act of Lewis in pointing out the wrong tract; that they did hot authorize him to do so, and did not know when they signed the act that he had done so. It is doubtless true that they were ignorant of the error which had been committed, but we do not think that fact alters the legal situation. Lewis throughout the whole transaction acted for them. The particular act of pointing out the property cannot be detached from his other acts and be repudiated while defendants avail themselves of the error itself. It is very certain that the minds of the parties never met upon the object or thing which was made to appear as the object contracted for.
In Ashley v. Schmalinski, 46 La. Ann. 499, 15 South. 1, this court said that the law will not maintain a contract, the consent to which of one of the parties is the result of error as to the substance of the contract, the error being caused by artifices and fraudulent representations of the other party, or if the fraud, not his directly, has been participated in and made effective by him. Article 1824, Civ. Code, declares that the reality of the cause is a kind of precedent condition to tine contract, without which the consent would not have been given, because, the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.
It appears that, in the employment of Lewis by the defendants, it was agreed that he should receive a certain amount out of the price as compensation for his services. Defendants claim that that amount had been retained by Lewis, and they could not be made to refund more money than they had *143 actually received. In their brief before the Court of Appeal on rehearing, their counsel say:
“The district court decreed defendants should refund not only what they received from him [Schmitz], but also what Lewis received from him; and the Court of Appeal has affirmed the decree. Was that law? Was that equity? We think not.”
The plaintiff had nothing to do with the arrangements made between the defendants and Lewis, or with the distribution of the price after it was paid over. That was a matter to be settled between these, parties. Defendants complain of the action of the Court of Appeal in not rendering judgment against McCoy in their favor, and in holding that he was not a party to the suit. So far as defendants were concerned, ■ he was not a party to the suit. He was called in warranty by them, but on exception the call was dismissed. Plaintiff subsequently made him a party, so far as he was concerned, under the belief that he was a necessary party, and he remained in the case, as so called in, until its close. What the legal effect of his having been such a party may be, we do not undertake to say, but it could certainly not be to authorize a judgment against him in defendants’ favor, for he was not cited in the case under any prayer by defendants for a judgment against him. We think the judgments of the district court and the Court of Appeal are correct, and they are hereby affirmed.