## No. 8787.
## Orleans Appeal.

**EVERETT G. LAWRENCE, Appellant, v. MOUNT ZION BAPTIST CHURCH.**

(January 5, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1.  **Louisiana Digest, Error and Mistake—Par. 2, 15.**
Error as to the principle cause of a contract, no matter how or by whom induced, vitiates consent and invalidates the contract.
(Civil Code, Arts. 1819, 1820, 1847, 1923, Editor's note.)

Appeal from Civil District Court, Parish of Orleans, Div. "D", Hon. Porter Parker, Judge.

This is a suit for alleged damages for breach of contract. There was a reconventional demand. Judgment for defendant on both main and reconventional demand.

Judgment affirmed.

Sanders, Brian & Sanders, attorneys for plaintiff and appellant.

Eraste Vidrine, Wm. R. Kinsella, attorneys for defendant and appellee.

WESTERFIELD, J. This is a suit for damages alleged to be caused by the breach of a contract to purchase certain real estate belonging to plaintiff. The facts are as follows:

Plaintiff owned the property No. 221 S. Liberty Street, between Tulane Avenue and Gasquet Streets, and placed the same in the hands of the Fellman Real Estate Agency for sale. It happened that this agency also had another and a larger piece of property for sale situated on South Liberty Street, between Tulane Avenue and Gravier Street, and on the opposite side of the street from plaintiff's property and distant about one city block. Next door to the larger piece, there lived one Dora Johnson, a member of the congregation of the Mount Zion Baptist Church. Dora noticed

the Fellman sign on the property next to her indicating that it was for sale and knowing that the Mount Zion Baptist Church desired to secure a building site which would permit of the erection of a larger church than its present house of worship, reported to the congregation that the property next to her was for sale. The next day the pastor of the church, W. M. Cosey, visited the property and was greatly impressed with its advantages as a site for the new church. Fearing that another negro organization, for the Mount Zion Baptist Church administered to the spiritual grace of the members of that race, Cosey immediately repaired to the Fellman office and without more ado agreed to buy "the two buildings known as 221 S. Liberty, between Tulane and Cleveland Avenues, block Howard Street" for the sum of $4,500, in the name of "Dr. W. M. Cosey, Chairman" and on the same day, deposited $450 on account of the purchase price. "Dr. Cosey", however, stated that he was acting for his church and it would be necessary that his action be ratified. A few days thereafter, a meeting of the Board of Trustees of the Church was held and the following resolution was adopted:

"New Orleans, April 27, 1920.
Special Meeting.
Mt. Zion B. Church:

Meeting open at 8:30 o'clock p. m. with Rev. W. M. Cosey, pastor, presiding. Read Heb. 10th chapter, sing hymn, I love thy Kingdom Lord pray by bro Tom Tucker after which the paster stated the object of the call which was to consider the report of the committee on a site to build our church.

Committee Report

Mt. Zion Church paster and members, we submit this our report. We have three sits, two lots Boliver near Perdedo, and the old Grace Church lot Bienvil near Liberty. A place on Liberty between Gravier and Tulan.

On motion by bro Charley Hayse the report of the Committie be received and acted upon.

After some remarks the following resolution was adopted:

Between Gravier and Tulan that whereas the property on Liberty street seems large enough and very near our present Church and having a frame and brick building thereon. Resolve that the paster with the Bord of Trustees be hereby impowered to purchesard lot or lots with improvement on for the sum of $4,500.00.

On motion by bro. E. D. Shanon, the Sum of $450.00 will be paid as reported by the paster as part payment on same.

Motion by bro James Rentrop we now adjoin.

Dismiss by

REV. W. M. COSEY, Chairman.
L. M. KING, Clerk."

It will be observed that the meeting was opened by reading the 10th Chapter of Hebrews. In view of what subsequently transpired, the 1st verse of the 11th Chapter of that book would have been appropriate:

"Now faith is the substance of things hoped for and the evidence of things unseen."

A committee of the Church visited the site for the purpose of cleaning it up and preparing it for rent until such time as building plans could be underway and found another committee representing the Lammany Club in possession, asserting title in a practical manner by driving the church committee off the premises.

The pastor, Rev. W. M. Cosey, then calls upon Mr. Rosenberg of the Fellman Agency and is reassured by that gentleman stating that if the Fellman sign is on the property, it is theirs, for Fellman has only one piece of property in that neighborhood for sale. The truth, however, is soon revealed to the Church and they discover that they have obligated themselves to buy plaintiff's property which is only 28 feet wide, whereas, their present church which they had hoped to enlarge, is 50 ft. wide, and moreover, the Everett property is within 50 feet of another negro church and wholly undesirable for their purpose. The larger property next

door to Dora Johnson which they had been looking at and which they thought they had purchased had been in Fellman's hands for sale, but was sold by Fellman a few weeks before to the Tammany Club, though the title had not been passed or the sign removed. Both properties had two buildings erected on them and both were on S. Liberty Street, though one was a block nearer Canal Street. The larger piece bore the sign of the Fellman Agency and it is not shown that the smaller piece belonging to plaintiff did. The receipt given Cosey and the agreement to purchase referred to the municipal numbers 321 So. Liberty Street, but the testimony is that the numbers are not visible from the sidewalk due to the fact that the buildings are on the rear of the lot.

The defendant avers that there was error of fact vitiating the contract.

Art. 1819 R. C. C., provides that there is no consent when produced by error, fraud, violence or threats.

Art. 1820 R. C. C., provides that error as applied to contracts is of two kinds: Error of fact and error of law.

Art. 1923 R. C. C., provides that error to invalidate a contract must be in some point which was a principal cause for making the contract "and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself."

In the case of H. C. Newman vs. Scarborough, 115 La. 864, 40 South. 248, it was held: "A consent given in error is no consent and without consent there is no contract," and in Schmidt vs. Peterson, 113 La. 134, 36 South. 915, the Court said: "It is very certain that the minds of the parties never met upon the object or thing which was made to appear as the object contracted for."

It is evident that the plaintiff's agent thought he was selling one piece of property and the defendants thought they were buying another. There is no charge of

fraud and we are convinced of the good faith of both parties. The plaintiff insists that he did not induce the error of defendant and therefore, the defendant must suffer the consequences of his own negligence under the rule that when one of two innocent parties must suffer, the one whose act causes the loss must bear the penalty. We are not sure that plaintiff did not induce the error, though, of course, unintentionally. Plaintiff's agent maintained its sign on a piece of property which he had sold, and failed to prove that there was a similar sign on plaintiff's property which he held for sale, thus deceiving the committee of negroes and other persons acting for the defendant church, who were all the time visiting property on which the sign appeared. Be that as it may, however, it was not necessary that plaintiff be the cause of error. If he had designedly induced error, he would be guilty of fraud and if the innocent cause of error, such fact would not be controlling, for as was said in Newman vs. Scarborough (supra) "Error is error. No matter by whom or what induced, it vitiates the consent; and without consent, there can be no contract."

The District Court dismissed plaintiff's suit and awarded judgment in reconvention to defendant, ordering the return of the deposit of Four Hundred and Fifty ($450.00) Dollars. We see no error in the judgment, and it is, therefore, affirmed.