ROGERS, J.
The plaintiff, on October 15, 1915, made a conveyance by authentic act to Thomas Crichton, Sr., of the tract of land described ip his petition. The vendee died on March 20, 1918, and on April 30, 1924, the present suit was instituted against the duly appointed and qualified trustee of his heirs.
Plaintiff brought his suit in the form of an action for slander of title, but, in substance, it is a demand to annul and set aside the deed of sale to Crichton.
The court below rejected plaintiff’s demand, and he has appealed from said judgment.
Plaintiff’s contention, briefly stated, is that he was induced to sign said pretended deed upon the representation that it was a mere *359 mortgage to secure an existing indebtedness, additionally represented by seven notes, in the form of rent notes, of $110 each, payable annually, executed at the same time, and upon the assurance by Crichton that on the full and final payment of said notes he would reconvey the property to him.
Defendant on the other hand contends that the deed is what it purports to be, a conveyance of property for a legal consideration, and that plaintiff as a tenant is estopped to deny the title of his landlord.
The court below, over defendant’s objection, admitted parol evidence to sustain plaintiff’s attack on defendant’s title.
We think the ruling was erroneous. It violated two statutory inhibitions against the admission of parol evidence: First, to prove the contents of an authentic act, R. C. C. art. 2236; and, secondly, to establish title to immovable property, R. C. C. arts. 2275, 2276.
The jurisprudence has uniformly maintained the codal rules, permitting the verity and reality of authentic sales to be assailed by the parties thereto only by means of a counter letter, or the use of interrogatories on facts and articles, or where fraud or error is alleged and proved. Robinson v. Britton, 137 La. 863, 69 So. 282; Maskrey v. Johnson, 122 La. 791, 48 So. 266; Wells v. Wells, 116 La. 1065, 41 So. 316; Franklin v. Sewall, 110 La. 292, 34 So. 448; Le Bleu v. Savoie, 109 La. 680, 33 So. 729; Thompson v. Herring, 45 La. Ann. 994, 13 So. 398; Godwin v. Neustadtl, 42 La. Ann. 735, 7 So. 744, and authorities therein cited.
A modification of the statutory law is also permitted in the case of redeemable sales which are regarded as alienations only when the price is adequate and possession is delivered. Howe v. Powell, 40 La. Ann. 309, 4 So. 450.
The cases of Ashley v. Schmalinski, 46 La. Ann. 499, 15 So. 1, Schmitz v. Peterson, 113 La. 134, 36 So. 915, and Becker v. Hampton, 137 La. 323, 68 So. 626, cited on behalf of plaintiff, are in line with and not opposed-to the statutory law and jurisprudence referred to by us. In all the cases relied upon by defendant, fraud, or error as to the substance of the contracts attacked were alleged and proved.
It is true, the petition in the present case contains averments of fraud and error, but an analysis of the pleading shows that the allegations are mere conclusions of law by the pleader. The facts as set forth do not support the charge. Bearing in mind that xxlaintiff’s consent to the execution of the act which he attacks must have been procured through fraud or error (of fact and not of law), we do not find from his averments that such was the case. On the contrary, he conclusively shows that he signed the act in conformity with the intentions of the parties, the gravamen of his action being manifestly, that the pretended vendee promised to reconvey the property to plaintiff upon the repayment of the debt, and because he (the vendee) died before said agreement could be carried into effect, a fraud was perpetrated upon the vendor (plaintiff). If such were the agreement, it is unfortunate for plaintiff that the elder Crichton died before he performed his part of the compact. But it was an agreement in which plaintiff entered voluntarily, and he cannot, under allegations of fraud and error flowing from the death of the vendee, be permitted by parol evidence to prove the alleged verbal promise so as to change the title to immovable property.
The court below, after admitting and considering the objectionable evidence, held that the facts were with the defendants, and dismissed plaintiff’s suit. In this, we think, from our examination of the record, he was correct. We do not deem it necessary, however, to enter into a detailed explanation of the manner in which we have reached our conclusion, as we prefer to base our decision squarely upon the proposition that the in *361 strument executed by plaintiff speaks for itself, and that be bas not brought himself within those exceptions provided by law under which he can be permitted to controvert his solemn, written, authentic act.
Judgment affirmed.