JANVIER, Judge.
Mrs. Ruby Deshotel Ciaccio, divorced wife of Salvatore Ciaccio, and Mrs. Lydia Derosier Moore, divorced wife of Andrew Moore, through Guaranty Savings & Homestead Association, purchased from Mr. and Mrs. Wilfried T. Higgins a lot of ground and improvements in Jefferson Terrace Subdivision, in the Parish of Jefferson. This purchase resulted from an agreement which was entered into in writing on June 8, 1953. The purchasers did not immediately assume physical occupancy of the building which was a residence, but shortly after they had moved into it they discovered that the plumbing system had not been connected with the parish sewerage system and that in fact emptied into an open hole in the rear yard which served as a cesspool or *806 septic tank. This condition was not at once discovered for the reason that the rear yard was heavily overgrown with weeds and the hole could not be seen from a distance.
Finding it necessary to have the plumbing system connected with the public sewerage system, the new owners obtained estimates from several plumbers, and finally had the necessary connections made. This work, together with other plumbing which was done in the house, required the expenditure of $438.37.
The purchasers then, through their attorney, negotiated with the former owners in an effort to have the said former owners pay for the necessary work. Being unsuccessful they brought this suit against the said former owners, alleging that the work, which at that time had not been done, would cost not more than $550. They prayed for judgment in the sum of $550.
Mr. and Mrs. Higgins, defendants, filed exceptions of no cause of action and no right of action. These exceptions were referred to the merits and they then filed answer averring that the sale had resulted from a written contract which had contained all the terms and conditions on which the sale was to he made and that since, in the said written contract, there was no stipulation to the effect that the plumbing system was or would be connected to the public service line plaintiffs could not demand that they pay for these connections.
There was judgment dismissing the suit which is now before us on appeal by plaintiffs.
In this Court the defendants have again filed exceptions of no right and no cause of action, and counsel insists that these exceptions should be maintained and the suit dismissed on the exceptions. This argument is based on a misunderstanding of the views which we expressed in Branch v. Acme Homestead Ass’n, La.App., 169 So. 129. There the plaintiff, having entered into an .agreement to buy a piece of improved property to be used as a residence, found, before accepting title, that the gas line and electric wiring had not been connected to the service lines of the public service company 'which supplied gas and electricity, and the plaintiff brought suit against the owner in an effort to force the said owner to make the necessary connections, or to reduce the purchase price, or to refund the deposit which had been made in connection with the offer to purchase. We held that, at that stage of the controversy, we could not grant any one of the three alternative demands and that therefore the petition failed to disclose a cause of action.
That is not the situation here for here the sale has been consummated and the purchasers have found that the property cannot be used as it is and as it was when pttrchased and that therefore they would not have bought if they had known of the said condition.
This suit then is brought in an effort to force the vendors to do what defendants clearly should have done before transferring title and which they, plaintiffs assumed, had been done, since, according to them, such plumbing connections with the sewerage line were required by law.
The record leaves it abundantly clear that by parish ordinance, which was adopted and which was effective before the execution of the agreement to buy, such sewerage connections were required. From this we conclude that the purchasers were justified in assuming that the necessary sewerage connections existed.
We cannot tell from the record just when the said ordinance became effective, but the sales person who showed the property to plaintiffs before they agreed to buy it said that she assumed that the connections had been made “because everybody else had it”, and she lived “right around the corner” and sewerage had been put in the house in which she lived. She also said that in February of that year, which was four months prior to the execution of the agreement, the public authorities had notified all owners that the necessary connections must be *807 made, and she had had the sewerage connected to her own home.
The situation here is identical with that' which we found in Rodriguez v. Hudson, La.App., 79 So.2d 578, 580, wherein we found that, because of a redhibitory vice, the purchaser of improved property might demand of the former owner the cost of making physical corrections which were necessary because of governmental or quasi-governmental regulations in effect before the agreement to purchase was entered into. In that case we quoted the following from Wilfamco, Inc. v. Interstate Electric Co., 221 La. 142, 58 So.2d 833:
“ ‘The action quanti minoris or for reduction in the price is proper when the thing sold is so defective that it is useless and altogether unsuitable for its purpose or when the defect is such as to diminish its value. Articles 2520 and 2541, Civil Code. Under the jurisprudence of this state, the cost of repairs necessary to make the thing whole is the proper measure for reducing the price. De Armas v. Gray, 10 La. 575; Tuminello v. Mawby [220 La. 733], 57 So.2d 666; Morehouse Ice Co., Inc. v. Tooke & Reynolds, La.App., 154 So. 402.’ See, also, Mattes v. Heintz, La.App., 69 So.2d 924.”
We are unable to determine from this record just what was the actual cost of having the sewerage connections made, since it seems that the total amount paid by the plaintiffs to their plumber may have included the cost of other items not necessarily a part of the sewerage connections. In Rodriguez v. Hudson, supra [79 So.2d 580], we found the same situation and said:
“ * * * unfortunately for plaintiffs they have failed to show with the exactness required by law the amount of damages they sustained through the defective condition of the premises,
We repeat that it is unfortunate that plaintiffs have failed to show with the exactness required by law the amount of damage which they sustained as a result of the defective condition of the premises.
It becomes necessary that we remand the matter to .the Twenty-fourth Judicial District Court for the Parish of Jefferson to the end that plaintiffs may be afforded an opportunity to prove the exact cost of making the necessary sewerage connections.
The exceptions filed by defendants are overruled, the judgment appealed from is annulled, avoided and reversed and the matter is now remanded for further proceedings according to law and consistent with the views herein expressed, all costs to await final determination.
Reversed and remanded.