471 So.2d 314 (1985)
Mark Eric WEIDMAN
v.
Ralph ROMAGUERA.
No. CA-3009.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
Dennis P. Couvillion, New Orleans, for plaintiff-appellant.
Thomas W. Lewis, Thomas E. Loehn, Boggs, Loehn and Rodrigue, New Orleans, for defendant-appellee.
*315 Before GULOTTA, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This case raises the question of whether a plaintiff should be allowed a cause of action in redhibition in respect to the sale of an incorporeal right.
Plaintiff, Mark Weidman, entered into a contract with defendant, Ralph Romaguera, by which plaintiff purchased three cameras and miscellaneous camera equipment, and the right to operate a photography studio called "Maison Blanche Portrait Studio by Romaguera." The purchase price was $15,000.00. Romaguera had a licensing agreement with Goudchaux's, Inc. (Maison Blanche) which gave him the right to operate the studio for up to four years. The agreement is dated February 1, 1983, the contract of sale in question is dated March 5, 1984.
On April 20, 1984, Maison Blanche notified plaintiff that it was terminating the licensing agreement effective May 31, 1984. Plaintiff's original petition alleges that prior to the contract of sale defendant was advised by Maison Blanche that the company was planning to close the studio. Plaintiff alleges that defendant failed to disclose this fact to him at the time of purchase.
As a result of this alleged failure, plaintiff filed suit for breach of contract, redhibition and damages.
In answer defendant filed an exception of no cause of action claiming that redhibition is inapplicable in the sale of an incorporeal right, such as the operation of the studio. The trial court held that redhibition does not apply and dismissed that part of plaintiff's claim. Plaintiff appeals.
Weidman alleges that he purchased the right to operate Romaguera's photography studio in its Maison Blanche location and that defendant knew of the impending closure at the time of the sale. It is the impending closure which plaintiff claims constitutes the redhibitory defect. The arguments advanced by plaintiff indicate that if plaintiff had known that he would be unable to remain at the Maison Blanche location he would not have entered into the sale.
Romaguera argues that what plaintiff purchased included, among other things, camera equipment, good will, and the right to operate a photography studio "now located" in Maison Blanche. He argues that even if the Maison Blanche location is no longer available, the right to operate the studio still exists and only the right to operate, not the particular location, is warranted in the sale.
Redhibition is the avoidance of a sale on account of some vice or defect which renders the thing sold either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice of defect. La.Civ.Code ann. art. 2520. Plaintiff argues that this article should be read to include what may be held to be the object of a sale as set forth in La.Civ.Code ann. art. 2449. This article says that not only corporeals, but incorporeals and other rights may be the object of a sale.
We find that plaintiff's arguments are innovative and suggest an interesting application of the redhibition articles; however, while it has been suggested that in the right situation redhibition may be had in the sale of an incorporeal right, we find that the sale and alleged "defect" of which plaintiff complains are not the proper subject for a suit in redhibition. See Cryer v. M & M Manufacturing Co., 253 So.2d 69 (La.App. 2d Cir.1971) aff'd. 273 So.2d 818 (La.1972). Plaintiff's claim against defendant arises from a contract and is governed by the articles which apply to contractual disputes. Plaintiff has sued not only for redhibition, but for breach of contract; the trial court did not dismiss his contract claim and plaintiff is able, therefore, to pursue such claim at trial. Since we find no error in the decision of the trial court, we affirm the dismissal of the redhibition claim.
*316 For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.