CHEHARDY, Judge.
Plaintiff, Jerry L. Robinett, appearing herein in propria persona, appeals from a judgment dismissing his suit for damages against defendants Sears Roebuck and Co. and The Singer Company on a motion for judgment on the pleadings.
Mr. Robinett had been arrested and incarcerated in Metairie, Louisiana, by Jefferson Parish Sheriffs officers when he went to a pawn shop to retrieve a 1172 Model Craftsman 3-inch portable belt sander which he had purchased at Sears and which was manufactured by The Singer Company. The officers were acting on a complaint of theft by an individual made to law enforcement authorities in Texas.
These small portable tools do not have individual serial numbers, but the sanders all have identical model numbers. The numbers also indicate the date and the place where the model was manufactured. They are used to determine the availability of the one-year guarantee offered by the manufacturer.
The Texas complainant apparently concluded the number on the sander was a serial number identifying his individual sander, and the Jefferson Parish deputy, in making his rounds of pawn shops in the parish, concluded the sander in Jefferson bearing the same model numbers was that sander which was stolen in Texas.
Thereafter plaintiff filed this suit for damages alleging that failure to mark the sander with a serial number constitutes negligence causing confusion among the buying public and law enforcement authorities leading to disputes of ownership and the danger of arrest of innocent persons.
Plaintiff asserts in his petition, paragraph 8: “As a result of the wrongful arrest, incarceration, and prosecution of Jerry L. Robinett your petitioner suffered multiple damages in the form of mental anguish, embarrassment, pain and suffering, loss of freedom, loss of wages and a permanent police record for a serious crime which he did not commit * * *.” (Emphasis ours.)
The trial judge found the damages complained of arose because of a misinterpretation by the sheriffs office of what the numbers on the particular sander meant. He further found that Sears Roebuck and The Singer Company had nothing to do with initiating the arrest of plaintiff and that there was no legal requirement that there be serial numbers on the sanders in question. For these reasons he granted the defendants’ motion for judgment on the pleadings.
In this court plaintiff contends the trial court erred in:
(1) not accepting as true the factual allegations of the petition;
(2) considering oral evidence given by counsel for defendants;
(3) granting the motion based on false arrest when the pleadings themselves did not allege false arrest; and
(4) dismissing the redhibitory action without addressing the redhibitory issue.
Relative to appellant’s first contention, it is his position that the trial court must accept as true all allegations of his petition.
LSA-C.C.P. art. 965 provides in pertinent part:
“Any party may move for judgment on the pleadings after the answer is filed * * *. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings *955 shall be considered true.” (Emphasis ours.)
The allegations to which appellant refers in particular are those enumerated in paragraphs 5 and 7 of his petition: that the deletion of the serial number and the marking of another number stamped onto the name plates has caused confusion amongst the buying public and between law enforcement authorities thus leading to the danger of arrest, and Robinett was arrested because the belt sander he had purchased did become confused with another similarly marked sander.
First of all, we note that defendants denied the allegations of both paragraphs of plaintiff’s petition, therefore under the above article, these allegations need not be considered as true.
Even had the allegations not been denied, appellees properly point out that issues of causation are conclusory allegations. Causation is a legal element of proof to be determined from allegations of fact. Pence v. Ketchum, 326 So.2d 831 (La.1976). Causation is not itself an allegation of fact, and the trial court is not duty-bound to consider such allegations as true.
Appellant’s second contention is that the court erred in considering oral evidence given by counsel for defendants in arriving at its conclusions. This complaint is based on the judgment which states the trial court considered “the evidence for the reasons orally assigned.”
Appellant is appearing in propria persona and has erroneously concluded that such language in a judgment indicates the trial court relied on statements made by defendant counsel. This standard legal language in any judgment refers to reasons orally assigned by the trial judge in arriving at the judgment and in no way refers to the oral opinion of others.
The third contention is that the pleadings do not allege false arrest and therefore the trial court determination which was based upon false arrest is erroneous.
Paragraph 8 of appellant’s petition clearly states that plaintiff suffered damages as a result of his wrongful arrest and incarceration, consequently the court properly considered the matter in arriving at its determination.
Appellant’s final contention is without merit. He claims the trial court failed to address his claim of redhibition.
Redhibition is the avoidance of a sale on account of some vice or defect which renders the thing sold so useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice or defect. Weidman v. Romaguera, 471 So.2d 314 (La.App. 4th Cir.1985). A redhibitory defect exists only where the product in commerce is not reasonably safe for its intended use. Philippe v. Browning Arms Co., 395 So.2d 310 (La.1981).
Appellant contends that the redhibi-tory defect here was failure to warn defendant of the absence of serial numbers. There is no allegation that the sander failed in its intended use. A redhibitory defect is in itself a breach of a legally imposed duty the manufacturer owes the consumer. The trial court found there was no legal obligation for the defendants to use a serial number on tools of this type. We do not find the allegations in the petition sufficient to support a redhibitory action, and we agree with the trial court findings.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.