United States Court of Appeals,

Fifth Circuit.

No. 92-3940.

In re PUBLIC INVESTORS, INC., Debtor.

Robert MARRERO, as Interim Trustee of the Bankruptcy Estate of Public Investors, Inc., a Louisiana Corporation, Appellee,

v.

FINEVEST LIFE INVESTORS LIMITED PARTNERSHIP and William R. Berkley, Appellants.

Aug. 19, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Defendants Finevest Life Investors Ltd. Partnership ("Finevest") and William R. Berkley brought this interlocutory appeal from the district court's denial of their motion for summary judgment seeking dismissal based on prescription. Defendants maintain that a one-year prescriptive period for redhibitory actions bars this action. The complaint alleges that Plaintiff's predecessor[1] entered an agreement with Defendants to buy all the outstanding stock of Finevest Life Holdings, Inc. ("Holdings"). Plaintiff seeks damages for breach of warranties and representations regarding the tax-deferred status of certain investments sold by a subsidiary acquired with the stock of Holdings,[2] and for breach of representations and warranties relating to certain omissions from the financial statements of Holdings or its subsidiary. Because redhibition does not apply to the claims asserted herein, we affirm and remand.

I.

[1]Plaintiff is the interim Trustee of the bankruptcy estate of Public Investors, Inc. Public Investors is the successor to BoMar Investment Corporation, which purchased the stock from Defendants.

[2]Holdings owned Midwest Life Insurance Company, which offered for sale to the public certain annuity contracts. The purchasers of these annuities could direct allocation of their money into one or more series of shares issued by Midwest Life Fund, Inc. Some of these series of shares failed to qualify for the promised tax-deferred status.

Defendants argue that Plaintiff's claim is barred by the one-year prescriptive period for redhibitory actions. Redhibition is the right of a buyer to "avoid[ ] ... a sale on account of some vice or defect in the thing sold." La.Civ.Code Ann. art. 2520 (West 1952). Apart from the right to rescind the sale, redhibitory defects may give rise to an action in *quanti minoris,* that is, for a reduction in price of the thing sold. La.Civ.Code Ann. arts. 2541-44 (West 1952). An action for breach of an express warranty of quality in a sales agreement is treated like a redhibitory defect:

> A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.

La.Civ.Code Ann. art. 2529 (West 1952). The one-year prescriptive period applies to all three actions. La.Civ.Code Ann. art. 2534 (West 1952) (redhibitory action must be instituted within one year of sale); La.Civ.Code Ann. art. 2544 (West 1952) (action for reduction in price subject to same limitation as redhibitory action); *Wilfamco, Inc. v. Interstate Elec. Co.,* 221 La. 142, 58 So.2d 833, 834 (1952) (action for reduction in price must be commenced within one year); *PPG Industries, Inc. v. Industrial Laminates Corp.,* 664 F.2d 1332, 1335 (5th Cir.1982) (one-year prescription applies to action for breach of express warranty of quality).

The complaint seeks damages for breach of representations or warranties found in the stock purchase agreement, allegedly causing losses consisting of 1) reimbursements to the purchasers of certain annuities for unexpected income taxes on their investments, 2) costs incurred in liquidating the investments which failed to qualify for tax-deferred status, and 3) liabilities omitted from the financial statements of Holdings or its subsidiary.

Defendants creatively argue that the warranties breached in this case relate to the value of the stock, and thus relate to the "quality" of the stock, which was "the thing sold" in the stock purchase agreement. Defendants rely on *Haacker v. Keeth,* 378 So.2d 969 (La.App.1979). We note, first, that the *Haacker* court held only that an express warranty relating to the value of stock was enforceable—not that it was redhibitory. The court quoted the following passage from C.J.S.:

> "Representations of fact as to the property of the corporation, its productiveness, the liabilities of the corporation, and other conditions relating to the value and desirability of its shares as an investment, are proper elements of a warranty, and are not objectionable as relating to property other than the thing sold...."

*Haacker,* 378 So.2d at 972 (quoting 18 C.J.S. *Corporations* § 406, p. 958). The *Haacker* court quoted this passage only to support its holding that a warranty relating to the value of stock is enforceable. Neither *Haacker* nor the quoted encyclopedia[3] supports Defendant's position that such a warranty is subject to the rules of redhibition.

*Cryer v. M & M Manufacturing Co.,* 273 So.2d 818 (La.1972), is instructive. In *Cryer* a contract of sale conveyed the right to manufacture a heater for which patent was pending. The court recognized that "[t]he thing sold was an incorporeal right." *Cryer,* 273 So.2d at 821. Upon further testing of the design, defects appeared in the heater itself, a corporeal thing. The court noted that in the sale of an incorporeal, "The thing sold and warranted is the right, not the object." *Id.* In the sale of an incorporeal, the implied warranty "does not extend to a deficiency in a physical object to which the right may ultimately relate." *Id.*

Defendants argue that the *Cryer* court found no redhibitory action only because there was no express warranty on the heaters, and that *Cryer* therefore suggests that an express warranty (such as exists in this case) would bridge that gap. We disagree. The *Cryer* court emphasized the incorporeal nature of the manufacturing rights and the corporeal nature of the heater. We therefore conclude that these attributes are significant in the *Cryer* court's analysis and interpret *Cryer* as suggesting that redhibition may be available in the sale of an incorporeal only if a warranty extends to a corporeal object. *Cf. Weidman v. Romaguera,* 471 So.2d 314, 315 (La.Ct.App.1985) (finding in *Cryer* a suggestion "that in the right situation redhibition may be had in the sale of an incorporeal right") (redhibition claim based on change of studio location properly dismissed when thing sold was incorporeal right to operate a photographic studio). The warranties allegedly breached in this case do not extend to any physical object to which the shares of stock relate.

---

[3]The current version of the encyclopedia omits all reference to "property other than the thing sold," and the editor now cites *Haacker:*

> The seller may give an express warranty as to the value of the stock sold. Representations of fact as to the property of the corporation, its productiveness, the liabilities of the corporation, and other conditions relating to the value and desirability of its shares as an investment, are proper elements of a warranty.

18 C.J.S. *Corporations* § 241 at 545 (1990) (footnotes omitted).

In this case all agree that the "thing sold" was the corporate stock of Holdings. A warranty relating to the taxability of returns on certain investments held by its subsidiary is not a warranty on "the thing sold" or on a physical object to which the right may ultimately relate. Neither are the warranties regarding the financial statements. Under the Code only a "declaration ... *that the thing sold* has some quality which it is found not to have" gives rise to a redhibition. La.Civ.Code art. 2529. No Louisiana court has applied article 2529 to a mistaken declaration of some quality of an incorporeal.

At least one case has held that an express warranty relating to a corporation's financial status in an option to purchase stock gives rise to a contractual—not a redhibitory—action. *Hodges v. Heier,* 159 So.2d 791 (La.Ct.App.), *writ denied,* 245 La. 815, 161 So.2d 282 (1964). Some of the warranties allegedly breached in *Hodges* were remarkably similar to those at issue here: the stock option warranted that the balance sheets reflected the true financial status of the corporations and that the corporations owned certain assets. Rejecting the plea of prescription of one year for redhibition, the *Hodges* court noted that the plaintiff was not claiming either a vice or defect in the stock or a false representation of quality. 159 So.2d at 793. Similarly, Plaintiff herein has not claimed that the stock has a defect or that it lacks some quality which it was represented to have.

In conclusion, we hold that the complaint does not state a redhibitory action so as to be subject to the one-year prescriptive period of article 2534. Even if we infer from *Cryer* that one may have redhibitory rights in the sale of an incorporeal if a warranty relates to a related corporeal object, Plaintiff has alleged no such facts. The warranties allegedly breached in this case are not related to a physical object but rather relate to the financial condition of the corporation. They are enforceable, but not redhibitory.

## II.

The motion to certify to the Louisiana Supreme Court is denied. The Louisiana jurisprudence provides sparse but adequate guidance without the need for certification.

MOTION TO CERTIFY DENIED; AFFIRMED; REMANDED.